# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.R. and D.R.**

**No. 13-0242** (Ohio County 12-JA-55 & 56)

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Amy Pigg Shafer, appeals the Circuit Court of Ohio County's order entered on February 15, 2013, terminating her parental rights to J.R. and D.R. The West Virginia Department of Health and Human Resources ("DHHR"), by Melinda Dugas, its attorney, filed its response. The guardian ad litem, Joseph J. Moses, filed a response on behalf of the child in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the underlying abuse and neglect petition alleging an array of issues, including that Petitioner Mother left J.R. and D.R. in unsafe and/or unsanitary locations and neglected their physical well-being and hygiene. Specifically, the DHHR alleged that petitioner allowed an infestation of fleas and head lice and the children did not receive prescribed medication and medical treatment because petitioner disrupted and prevented therapeutic services. Additionally, and most troubling, Petitioner Mother moved at least fifteen times between July of 2010 and August of 2012, and the children were housed with individuals who have had their own children removed for abuse and neglect, as well as individuals with histories of drug and alcohol abuse, criminal behavior, and domestic violence. Further, D.R. alleged that she was sexually abused by petitioner's father when they lived with him. The petition also alleged that petitioner emotionally abused the children by telling them she was trying to give them away. The petition further alleged that aggravated circumstances existed at the time of the petition, because petitioner had had her parental rights to three children terminated involuntarily and she voluntarily relinquished parental rights to a fourth child after the DHHR initiated abuse and neglect proceedings. In August of 2012, the DHHR removed the children from the home due to these circumstances. At the adjudicatory and evidentiary hearing regarding aggravated circumstances, the circuit court held that there is clear and convincing evidence that the conditions constituting abuse and neglect that caused the termination of petitioner's parental rights had not been remedied or corrected and that an improvement period was not warranted.

1

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights to J.R. and D.R. Petitioner argues that the circuit court improperly shifted the burden of proof to petitioner by requiring her to show a change in circumstances from her previous terminations. Petitioner further argues that the DHHR waived its right to assert aggravated circumstances because it did not raise the argument in an earlier abuse and neglect action regarding the children at issue here. Petitioner asserts that the circuit court erred in weighing the findings made in prior petitions too greatly and that the evidence in support of termination was not clear and convincing. Finally, petitioner argues that the circuit court impermissibly denied her request for an improvement period.

This Court has previously held that

[w]hen an abuse and neglect petition is brought based solely upon a previous involuntary termination of parental rights to a sibling pursuant to West Virginia Code § 49–6–5b(a)(3) (1998), prior to the lower court's making any disposition regarding the petition, it must allow the development of evidence surrounding the prior involuntary termination(s) and what actions, if any, the parent(s) have taken to remedy the circumstances which led to the prior termination(s).

Syl. Pt. 4, *In re George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999). Moreover,

[w]here an abuse and neglect petition is filed based on prior involuntary termination(s) of parental rights to a sibling, if such prior involuntary termination(s) involved neglect or non-aggravated abuse, the parent(s) may meet the statutory standard for receiving an improvement period with appropriate conditions, and the court may direct the Department of Health and Human Resources to make reasonable efforts to reunify the parent(s) and child. Under these circumstances, the court should give due consideration to the types of

2

remedial measures in which the parent(s) participated or are currently participating and whether the circumstances leading to the prior involuntary termination(s) have been remedied.

Syl. Pt. 5, *In re George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999). In the present matter, the circuit court found that Petitioner Mother had not corrected the conditions that led to the termination of her parental rights in the past. Specifically, the circuit court found that allegations of her children being dirty, inappropriate people living in the home, domestic violence, and petitioner's lack of treatment for her own psychological needs and mental illness persist. Based upon these facts, the circuit court was not clearly erroneous in finding that petitioner failed to show that she had corrected the conditions giving rise to the prior termination of her parental rights. Additionally, under West Virginia Code § 49-6-12, the subject parent bears the burden of proving by clear and convincing evidence that he or she would substantially comply with an improvement period and the circuit court has the discretion to grant or deny such a motion. This Court finds no reversible error in the order of the circuit court.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va. Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

3

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of parental rights is hereby affirmed.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II